**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**COHEN-ESREY REAL ESTATE
SERVICES, INC.,**

|  |  |
|---|---|
| **Plaintiff,** | **Civil Action** |
| **vs.** | **No. 08-2527-KHV-DJW** |

**TWIN CITY FIRE INSURANCE
COMPANY, et al.,**

**Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

Pending before the Court are Plaintiff's Motions to Compel Discovery from Defendant Hartford Fire Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City") (doc. 23 & 25). For the reasons set forth below, the motions are granted in part and denied in part.

**I.      Nature of the Matter Before the Court**

This is an action concerning the denial of insurance coverage in which the insured sues Hartford and Twin City for breach of contract and vexatious refusal to pay and to recover money owed. After the Motions to Compel were filed, the Court granted Plaintiff leave to amend its Complaint. The Amended Complaint alleges that Plaintiff became subject to certain liabilities and losses due to the wrongful acts committed by one of its employees, including  forgery and misappropriation of rent monies.[1]  The Amended Complaint further alleges as follows:  Plaintiff is insured for wrongful acts committed by its employees under a Crime Shield Insurance Policy issued

---

[1]Am. Compl. (doc. 1), ¶¶ 26-35.

by Hartford ("Hartford Policy").[2]  It is also insured for its own negligent acts under a General Liability Insurance Policy issued by Twin City on behalf of Hartford ("Twin City Policy").[3] Plaintiff made  notices of claims for coverage under both the Hartford Policy and Twin City Policy, but the claims were denied.[4]

Plaintiff sues Hartford for breach of contract based on Hartford's failure to pay under the Hartford Policy.[5]  It also sues Hartford for attorney's fees pursuant to K.S.A. 40-256 based on its alleged vexatious refusal to pay under the Hartford Policy.[6]  In addition, Plaintiff sues both Hartford and Twin City for breach of contract based on their failure to pay under the Twin City Policy.[7]  It also sues both Defendants for their alleged vexatious refusal to pay under the Twin City Policy.[8] Finally, Plaintiff sues both Defendants for "reimbursement" of its claimed insured losses.[9]

The Amended Complaint alleges that "Twin City is part of and an extension of Hartford" and that Twin City writes and insures property and casualty insurance policies on Hartford's behalf.[10]

---

[2]*Id.*, ¶¶ 13-14.

[3]*Id.*, ¶¶ 19-20.

[4]*Id.*, ¶¶ 15, 18, 22, 25.

[5]*Id.*, Count I.

[6]*Id.*, Count III.

[7]*Id.*, Count II.

[8]*Id.*, Count IV.

[9]*Id.*, Count V.

[10]*Id.*,¶ 4.

The Amended Complaint further alleges that Twin City is an agent of, and controlled by, Hartford and that Twin City has the authority to act on behalf of Hartford.[11]

## II. Motion to Compel Discovery from Hartford

Plaintiff moves for an order overruling Hartford's objections to Plaintiff's First Requests for Production No. 6, 11, 12, and 13 and compelling Hartford to produce documents responsive to those requests.

### A. First Request No. 6

Plaintiff states in its reply brief that the dispute regarding First Request No. 6 has been resolved. The Court therefore finds the motion moot with respect to First Request No. 6.

### B. First Request No. 11

#### 1. *The request and Hartford's objections thereto*

First Request No. 11 asks Hartford to produce all documents "which describe, relate and/or respond to any review or analysis of your claims handling practices regarding claims for wrongful acts by employees, employee dishonesty, or employee theft that have been conducted since 2004." Hartford objected to this request "as vague, ambiguous, overly broad and unduly burdensome in that it is not properly limited in time or scope and further objects because the request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence."

In its response to the Motion to Compel, Hartford expounds on its objections, arguing that the request is vague, ambiguous, overly broad, unduly burdensome, not properly limited in time or scope, and seeks irrelevant documents, because it seeks documents unrelated to the handling of

_____

[11]*Id.*

Plaintiff's claims at issue. It also argues that "[h]ow Hartford . . . handled any other claim is simply not relevant to whether this claim was properly adjusted."[12]

2. *Discussion*

a. *Vague and ambiguous*

As the party asserting this objection, Hartford has the burden to show in what way the request is vague and/or ambiguous.[13] Hartford's argument that the objection is vague and ambiguous because it seeks documents unrelated to the handling of Plaintiff's claims does not satisfy this burden. The objection is therefore overruled.

b. *Unduly burdensome*

The Court also overrules Hartford's objection that the request is unduly burdensome. A party asserting undue burden must support its objection by not only demonstrating undue burden or expense, but also by showing that the burden or expense is unreasonable in light of the benefits to be obtained from the discovery.[14] The objecting party may not rely on "generalized objections," but "must show specifically how each request is burdensome . . . by submitting affidavits or some detailed explanation as to the nature of the claimed burden."[15] Hartford has made no attempt to

---

[12]Hartford's Resp. to Mot. to Compel (doc. 35) at 3.

[13]*Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006).

[14]*Manning v. Gen. Motors*, 247 F.R.D. 646, 654 (D. Kan. 2007).

[15]*Id.* (quoting *Kutilek v. Gannon,* 132 F.R.D. 296, 300 (D. Kan. 1990)); *accord McCloud v. Bd. of Geary County Comm'rs*, No. 06-1002-MLB, 2008 WL 3502436, at *3 (D. Kan. Aug. 11, 2008) ("Simply saying a task is unduly burdensome or oppressive does not make it so. Defendants must meet their burden to establish how each request is overly broad by submitting affidavits or offering evidence revealing the nature of the burden.") (citations and internal quotations omitted); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004) ("As the parties asserting undue burden, the Hospital Defendants have the burden to establish facts justifying their objection, (continued...)

provide any detailed explanation, let alone any affidavit or evidence, demonstrating that providing the requested documents would be burdensome, time-consuming, or expensive. In short, this objection is totally unsupported. It is therefore overruled.

### c. Overbroad as to temporal scope

The Court will now turn to Hartford's overbreadth objections. As noted above, Hartford objected to the request on grounds that it "is not properly limited in time or scope." In its response to the Motion to Compel, however, Hartford failed to address the temporal scope of the request.

It is well settled that "[a] party resisting discovery on the basis that a request is overly broad had the burden to support its objection, unless the request is overly broad on its face."[16] The Court does not find this request to be overbroad on its face, as it is limited to the time period 2004 to the present. As Hartford has not supported its objection as to the time period of the request, the Court overrules its objection to the temporal scope.

### d. Relevance

#### (1) The parties' arguments

The Court now turns to Hartford's objection that the request is overbroad as to its scope and is not calculated to lead to the discovery of admissible evidence because the request seeks information unrelated to the handling of Plaintiff's claim. These objections are more properly construed as relevance objections, and the Court will consider them as such.

---

[15](...continued)
i.e., facts demonstrating that the time or expense involved in responding to the requested discovery is unduly burdensome. This typically imposes an obligation on the responding party to provide an affidavit or other evidentiary proof of the time or expense involved.").

[16]*C.T. v. Liberal School Dist.,* No. 06-2093-JWL, 2008 WL 394217, at *8 (D. Kan. Feb. 11, 2008) (quoting *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)).

Hartford's primary argument is that the requested documents, i.e., those that describe or relate to Hartford's review or analysis of its claims handling practices regarding claims for wrongful employee acts and employee theft, are not relevant because its claims handling *practices* are not at issue in this case.   Hartford asserts that the only item at issue is the handling of Plaintiff's claims under the Hartford and Twin City Policies.  Hartford argues that "whether an insurance company's refusal to pay a claim is without just cause depends on the facts and circumstances *of the particular case*."[17]   Thus, according to Hartford, only the facts and circumstances regarding the denial of Plaintiff's claims should be discoverable.

Plaintiff, on the other hand, contends that the documents are relevant and the request is not objectionable because the requested documents pertain to its claim against Hartford for vexatious refusal to pay.  More specifically, Hartford argues that the documents are relevant because they pertain to "the reasonableness of Hartford's denial in light of its limited or no investigation" of the claim.[18]

### (2)     *The applicable law regarding relevance*

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[19]   Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the requesed

---

[17]Hartford's Resp. to Mot. to Compel (doc. 35) at 3-4 (emphasis added).

[18]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 8.

[19]Fed. R. Civ. P. 26(b)(1).

information or documents may be relevant to the claim or defense of any party.[20]  Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[21]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[22]  Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show its relevancy.[23]

### (3)     Analysis

The relevance of the information sought in these requests for production is  not apparent from the face of the request.  Plaintiff therefore has the initial burden to demonstrate how the requested documents are relevant.  Plaintiff contends that these documents would show how Hartford typically handles claims similar to the one Plaintiff made under the Hartford Policy and would reveal the kind of investigation procedures Hartford typically uses, the timeliness and basis for any coverage position statements on these similar claims, and whether Hartford has ever

---

[20]*White v. Graceland Coll. Ctr for Prof. Dev. & Lifelong Learning, Inc.,* 586 F. Supp. 2d 1250, 1259 (D. Kan. 2008); *Jones v. Wet Seal Retail, Inc.,* 245 F.R.D. 724, 725 (D. Kan. 2007); *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005);  *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004).

[21]*Jones,* 245 F.R.D. at 725; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[22]*White,* 586 F. Supp. 2d at 1259; *Cardenas,* 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[23]*Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

accepted coverage for any such claims in the last five years.[24]  Plaintiff argues that these documents might reveal "that the investigation into Plaintiff's claim was unjustly limited and the claim thus unjustly denied,"[25] which Plaintiff contends is directly relevant to its vexatious refusal to pay claim.

To determine the validity of Plaintiff's relevance argument, the Court must examine the legal and factual basis for Plaintiff's vexatious refusal to pay claim.[26]  Plaintiff asserts this claim against Hartford in Count III of the First Amended Complaint, which alleges that (1) Plaintiff is entitled to indemnity under the Hartford Policy for its insured loss; (2) Plaintiff properly notified Hartford of its indemnity claim; (3) Hartford's failure to indemnify Plaintiff was negligent and made without a reasonable basis; and (4) Hartford acted in bad faith, wrongfully, unreasonably, and vexatiously by failing to indemnify Plaintiff under the Hartford Policy.[27]  Furthermore, Plaintiff alleges in its supporting memorandum that Hartford made a limited investigation or no investigation at all into Plaintiff's claim.[28]

Count III is brought pursuant to K.S.A. 40-256,[29] which provides for an award of attorney's fees in actions brought on insurance policies.[30]  K.S.A. 40-256 "is a punitive measure that requires

---

[24]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 8.

[25]Pl.'s Reply (doc. 38) at 3.

[26]*See Foreclosure Mgmt. Co.*, *v. Asset Mgmt. Holdings*, *LLC,* No. 07-2388-DJW, 2008 WL 3822773, at *3 (D. Kan. Aug. 13, 2008) ("Although relevancy is not limited by the matters stated in the pleadings, they do provide a basis from which to judge relevancy.").

[27]First Am. Compl. (doc. 57), ¶¶ 45-51.

[28]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 8.

[29]*Id.*, ¶¶ 52-53.

[30]To the extent Count III may be attempting to plead a tort cause of action for bad faith denial of insurance coverage, tort recovery will not be allowed.  In *Spencer v. Aetna Life & Cas. Ins. Co.*, (continued...)

insurance companies to pay the plaintiff's attorneys fees incurred in an action on an insurance policy, if the evidence shows that the insurance company 'has refused without just cause or excuse to pay the full amount of [the insured] loss.'"[31]

Whether an insurer has refused to pay a claim without just cause or excuse within the meaning of K.S.A. 40-256 depends upon the facts and circumstances of each particular case.[32] Consequently, "[w]hat constitutes refusal to pay 'without just cause or excuse' varies with each case."[33] The Kansas Supreme Court has held that an insurer has "an obligation to conduct a good faith investigation into the facts before it finally denies liability and refuses payment."[34] Consequently, whether the insurance company conducted an adequate or good faith investigation of the claim before denying the claim may be considered in determining whether the refusal to pay was without just cause or excuse.[35]

---

[30](...continued)
227 Kan. 914, 611 P.2d 149 (1980), the Kansas Supreme Court held that Kansas law does not recognize the tort of bad faith. *Id.* at 926. The court held that Kansas statutes which provide for penalties against an insurer for lack of good faith—including K.S.A. 40-256—are a sufficient remedy for an aggrieved insured. *Id.*

[31]*Glickman, Inc. v. Home Ins. Co.*, 86 F.3d 997, 1000 (10th Cir. 1996) (quoting K.S.A. 40-256).

[32]*Home Quest Mortg., L.L.C. v. Am. Family Mut. Ins. Co.,* 393 F. Supp. 2d 1096, 1100 (D. Kan. 2005) (citing *Koch v. Prudential Ins. Co.*, 205 Kan. 561, 470 P.2d 756, 759 (1970)); *Allied Mut. Ins. Co. v. Gordon*, 248 Kan. 715, 735, 811 P.2d 1112 (1991).

[33]*Crawford v. Prudential Ins. Co. of Am.*, 245 Kan. 724, 736, 783 P.2d 900 (1989) (citing *Koch*, 205 Kan. at 565).

[34]*Fidelity & Deposit Co. of Md. v. Hartford Cas. Ins. Co.,* 215 F. Supp. 2d 1171, 1192 (D. Kan. 2002) (quoting *Brown v. Cont'l Cas. Co.*, 209 Kan. 632, 498 P.2d 26, Syl. ¶ 6 (1972)).

[35]*See Fidelity*, 215 F. Supp. 2d at 1192-93 (taking into consideration evidence that defendant insurer "adequately investigated the facts surrounding this case before denying coverage" in refusing to find denial of claim was without just cause or excuse).

Although the determination of whether Hartford allegedly refused to pay Plaintiff's indemnity claim without just cause or excuse depends on the particular facts of this case, that does not mean Hartford's claims handling practices are *per se* irrelevant and therefore undiscoverable. Indeed, this Court has overruled relevance objections to similar requests for production in insurance coverage dispute cases involving claims for attorney's fees under K.S.A. 40-256. In *Coffeyville Resources Refining & Marketing*,[36] Judge Humphreys overruled relevance objections to a request for production seeking the insurer's underwriting manuals relating to the issuance of policies like the one issued to the plaintiff in that case.[37] She also overruled objections to a request seeking all claims manuals, training manuals, claims bulletins and memoranda to claims personnel regarding the investigation and determination of claims similar to the plaintiff's.[38]

Judge Humphreys held:

With respect to National Union's "lack of relevance" argument, the court is satisfied that the manuals and related documents are relevant in the context of discovery. Coffeyville has requested attorney fees under K. S.A. 40-256 for National Union's alleged refusal to pay Coffeyville's claims without just cause or excuse and for unreasonably withholding insurance proceeds. Because discovery of the manuals is reasonably calculated to lead to evidence as to whether National wrongly refused to pay the insurance claim, the requests are relevant. Additionally, the manuals may show that National interprets its policy language in a manner which differs from the position argued in this case.[39]

Similarly, in *Kansas Heart Hospital, L.L.C. v. Executive Risk Indemnity, Inc.*,[40] another case asserting that the defendant insurer had denied coverage in bad faith, Judge Humphreys overruled

---

[36]No. 08-2104-WEB-KMH, 2009 WL 3007125 (Sept. 16, 2009).

[37]*Id.* at *6.

[38]*Id.*

[39]*Id.*

[40]No. 06-1345-MLB-KMH, 2007 WL 1343692 (D. Kan. May 7, 2007).

relevance objections to a request for the insurer's operations, underwriting, procedure, policy, and training manuals that explained or interpreted the intended meaning of the text of the insurance policy at issue.[41] The Court held that "[e]vidence that defendant denied coverage contrary to internal written policies is relevant to the issues of good faith and the imposition of attorney fees" under K.S.A. 40-256.[42]

For similar reasons, the Court holds in this case that the documents sought in Plaintiff's First Request No. 11 are relevant. The requested documents may show whether Hartford denied coverage to Plaintiff contrary to its typical claims handling practices. This, in turn, would shed light on whether Hartford denied Plaintiff's claim without "just cause or excuse" within the meaning of K.S.A. 40-256. Certainly, the Court does not find that the requested documents will "have no possible bearing" on Plaintiff's vexatious failure to pay claim. Thus, the Court overrules Hartford's relevance objection to First Request No. 11.

<em>e. Conclusion as to First Request No. 11</em>

Because the Court has overruled all of Hartford's objections to First Request No. 11, the Court grants the Motion to Compel as to it. Hartford shall produce the requested documents within **<u>fourteen (14) days</u>** of the date of this Order.

## C. First Request No. 12

First Request No. 12 seeks "[a]ll organizational charts or other documents detailing lines of authority and responsibility for handling first-party insurance claims in your company for the years 2004 to the present." Hartford objected to the request as (1) vague and ambiguous, (2) overly broad

---

[41]*Id*. at *2-3.

[42]*Id*. at *3.

and unduly burdensome "in that it is not properly limited in time or scope," and (3) not reasonably calculated to lead to the discovery of admissible evidence.

In its Motion to Compel, Plaintiff argues that the requested documents pertain directly to the issue of "what kind of authority Hartford has over Twin City."[43] Plaintiff argues that the relationship between Hartford and Twin City is directly relevant to this case because Plaintiff has alleged that *both* Hartford and Twin City wrongfully denied Plaintiff's claims under the Twin City Policy and that *both* Hartford and Twin City vexatiously refused to pay under the Twin City Policy.[44] Furthermore, Plaintiff asserts in its supporting memorandum that the Twin City Policy issued to Plaintiff "is actually 'the Hartford Professional Choice Liability Policy' and was issued to Plaintiff on Hartford Letterhead."[45] Plaintiff also asserts that "Hartford's Mr. Greenwald issued the Twin City denial on Hartford letterhead,"[46] which suggests an interrelationship between Twin City and Hartford that Plaintiff ought to be allowed to explore.

Hartford, in its opposition to the Motion to Compel, disputes Plaintiff's claim that the requested organizational charts are relevant, because each claim is handled only by the individuals assigned to the claim. Hartford asserts that Plaintiff has already obtained the claims file from which Plaintiff is able to determine the identity of those individuals who were involved in the handling of Plaintiff's claim under the Hartford Policy. Hartford contends that Plaintiff may obtain the identity of those individuals' supervisors through properly narrowed written discovery or depositions. Furthermore, Hartford argues that the request is overbroad in its temporal scope because it requests

---

[43]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 8.

[44]*See* First Am. Compl. (doc. 57), Count IV.

[45]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 6.

[46]*Id*. at 8.

organizational charts and documents as far back as 2004, whereas Plaintiff did not make its claim under the Hartford Policy until September 2006. Hartford also argues that the request is overly broad in its overall scope because "it seeks information relating to the authority and responsibility of literally thousands of individuals, across the nation and the world, who were not involved in the handling of plaintiff's claim."[47]

The Court finds that the relevancy of the documents requested in First Request No. 12 is not apparent from the face of the request. Plaintiff therefore bears the burden to show how the requested documents may be relevant to any claim or defense in this case. Plaintiff attempts to meet this burden by asserting that the request pertains to the issue of what authority Hartford may have had over Twin City or the Twin City Policy to deny coverage under the Twin City Policy. This would arguably be relevant to Plaintiff's Claim that Hartford is liable to Plaintiff for vexatious refusal to pay under the Twin City Policy even though the policy was issued by Twin City and not Hartford. The request, however, is much broader than that — it seeks organizational charts or other documents that detail lines of authority and responsibility for handling *all first party insurance claims*. And it seeks such charts or documents for a three and a half year period *prior to* the time Plaintiff's insurance claim under the Twin City Policy was denied. The Court thus finds this request to be overly broad.

Despite the overly broad scope of a discovery request, a party may still have a duty to respond to the extent the request is not objectionable and can be narrowed to an appropriate scope.[48]

---

[47]Hartford's Resp. to Mot. to Compel (doc. 35) at 6.

[48]*See, e.g., Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHV-DJW, 2007 WL 2010937, at *11 (D. Kan. July 9, 2007); *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 657 (D. Kan. 2006).

This rule does not apply, however, and the Court will not compel further response, when inadequate guidance exists to determine the proper scope of the request.[49]

In this case, the parties have not provided the Court with sufficient guidance regarding how to how to properly narrow this request. The Court would be left to speculate as to how to reframe the request. Furthermore, it is not the Court's job to rewrite a party's objectionable document request.[50] Thus, the Court will decline to take on this task.

In light of the above, the Court sustains Hartford's relevance and overbreadth objections to First Request No. 12. The Court therefore denies the Motion to Compel as to this request.

### D. First Request No. 13

This request seeks "[a]ll contracts, agreements, and documents that reflect or demonstrate any relationship between you and the Twin City Fire Insurance Company." Hartford objected on grounds that "it is not properly limited in time or scope" and is overly broad and unduly burdensome. It also objected on grounds that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence, which the Court construes as a relevance objection.

For the same reasons discussed above with respect to First Request No. 12, Plaintiff argues that the relationship between Hartford and Fire Insurance is relevant and that it is entitled to discover the contracts and other documents requested in First Request No. 13 "outlining Twin City and

---

[49]*Azimi*, 2007 WL 2010937, at *11; *Johnson*, 238 F.R.D. at 656.

[50]*See Finkelstein v. Guardian Life Ins. Co. of Am.*, No. C07-1130 CRB (BZ), 2008 WL 2095786, at *2 (N.D. Cal. May 14, 2008) ("Rule 26 does not require the Court to rewrite discovery requests for the parties.") (quoting *Robin Singh Educ. Servs., Inc. v. Excel Test Prep,* 2004 WL 2554454, *1 (N.D. Cal. Nov. 9, 2004). *See also Haensel v. Chrysler Corp.*, No. CIV. A. 96-1103, 1997 WL 537687, at *2 (E.D. La., Aug. 22, 1997) ("The Court refuses to rewrite these [overbroad] requests for the plaintiffs in order to transform them into narrow, specific inquiries.").

Hartford's relationship and those lines of authority."[51] Hartford argues that the requested documents are not relevant and are not properly limited in scope because the documents would pertain to the "purported relationship between the defendants *outside the context of the claims submitted by plaintiff*."[52] Furthermore, Hartford argues that the request is overbroad because the request is unlimited in its time frame. More importantly, Hartford maintains that it is overbroad in its overall scope. Hartford explains that Hartford and Twin City are separate legal entities that issued separate insurance policies and are subsidiaries of a holding company called The Hartford Financial Services Group, Inc.

The Court agrees with Hartford that the request is overly broad in both its general scope and temporal scope. Again, the Court finds that it has insufficient information to narrow the request and that it would be improper to attempt to rewrite the request for Plaintiff. The Court therefore denies the Motion to Compel as to First Request No. 13.

## III.  Motion to Compel Discovery from Twin City

### A.  First Request No. 6

Plaintiff states in its reply brief that this request, which is similar to the First Request No. 6 that was served on Hartford, is no longer at issue. The Court therefore finds the Motion to Compel to be moot at to this request.

### B.  First Request No. 11

This request is identical to First Request No. 11 served on Hartford, except that it seeks documents relating to claims handling practices for negligent act claims. Twin City asserted the

---

[51]Pl.'s Mem. in Support of Mot. to Compel (doc. 24) at 7.

[52]Hartford's Resp. to Mot. to Compel (doc. 35) at 8 (emphasis added).

same objections to this request as Hartford, and the parties make similar arguments in their briefing. For the same reasons discussed above in Part II.B, the Court grants the Motion to Compel as to Twin City. Twin City shall produce the requested documents within **fourteen (14) days** of the date of this Order.

### C.  First Requests No. 12 and 13

These two requests are identical to First Requests No. 12 and 13 served on Hartford. Twin City asserts the same objections as Hartford, and the parties make similar arguments in their briefing. For the same reasons set forth above in Parts II.C and D, the Court finds that these requests are overly broad, and the Court denies the Motion to Compel as to them.

## IV.  Expenses and Sanctions

Plaintiff makes no request for sanctions and no request to recover the expenses it has incurred in connection with filing its Motions to Compel. The Court must nevertheless consider these issues.

Federal Rule of Civil Procedure 37(a)(5) governs the award of fees and expenses in connection with motions to compel. It requires the Court to award reasonable expenses and attorney's fees to the prevailing party unless the position of the non-prevailing party was substantially justified or other circumstances make an award of expenses unjust.[53] If a discovery motion is granted in part and denied in part, the court may apportion the reasonable expenses for the motion.[54] Courts have generally held that a party's position (i.e., motion, request, response, or objection) is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that

---

[53]*See* Fed. R. Civ. P. 37(a)(5)(A) and (B).

[54]Fed. R. Civ. P. 37(a)(5)(C).

could satisfy a reasonable person"[55] or if "reasonable people could differ as to the appropriateness" of the objection or response.[56] The decision whether to impose sanctions when a court partially grants a motion to compel lies within the court's sound discretion, and the court must consider on a case-by-case basis whether the moving and responding parties' positions were substantially justified and whether certain circumstances may make the imposition of sanctions inappropriate.[57]

Rule 26(g) also provides for sanctions in connection with discovery. Rule 26(g) requires that every discovery request, response, or objection be signed by at least one attorney of record or by the pro se party.[58] More importantly, the Rule provides that the person's signature "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the discovery request, response, or objection is "consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law."[59] The signature also certifies that the request, response, or objection is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

---

[55]*See, e.g., Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005); *Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Auth.* 295 F.3d 108,116 (1st Cir. 2002); *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04-2478-KHV-DJW, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005).

[56]*Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2008 WL 833509, at *1 (D. Kan. Mar. 27, 2008); *Cardenas,* 2005 WL 3503625, at *2. In a similar context, the Supreme Court has held that "substantially justified" does not mean "justified to a high degree," but only "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (construing government's obligations under Equal Access to Justice Act).

[57]*Moss v. Blue Cross and Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007) (citations omitted).

[58]Fed. R. Civ. P. 26(g) (1).

[59]Fed. R. Civ. P. 26(g)(1)(B)(i).

increase the cost of litigation."[60]  In addition, it certifies that the request, response, or objection is neither unreasonable nor unduly burdensome, considering the amount in controversy and the significance of the issues at stake in the case.[61]

If an attorney or pro se party makes a Rule 26(g) certification that violates the Rule and the violation is "without substantial justification," the Court, on motion or *sua sponte,* "*must* impose an appropriate sanction" on the signer, the party on whose behalf the signer was acting, or both of them.[62]  Such a sanction may include an order to pay the reasonable expenses caused by the violation, including attorney's fees.[63]

The 1983 Advisory Committee's Notes to Rule 26(g) elaborate on the attorney's duties under the Rule.  The Notes explain that an attorney has an  "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of Rules 26 through 37."[64]  The Advisory Committee further observes:

> Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions.  The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.
>
> * * * *
>
> If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse.  With this in mind, Rule 26(g), which parallels the amendments to Rule 11, requires an attorney or unrepresented party to sign each discovery request, response, or objection.

---

[60]Fed. R. Civ. P. 26(g)(1)(B)(ii).

[61]Fed. R. Civ. P. 26(g)(1)(B)(iii).

[62]Fed. R. Civ. P. 26(g)(3) (emphasis added).

[63]*Id.*

[64]Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments.

Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection.[65]

As Magistrate Judge Paul W. Grimm observed in his recent opinion, *Mancia v. Mayflower Textile Services. Co.*,[66] Rule 26(g) was enacted "to eliminate one of the most prevalent of all discovery abuses: kneejerk discovery requests served without consideration of cost or burden to the responding party."[67] It was also enacted "to bring an end to the equally abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis."[68]

With these standards in mind, the Court has carefully considered the requests for production and objections at issue in this Motion to Compel, as well as the arguments of counsel. The Court finds that each Defendant's unsupported undue burden objection to First Request No. 11 comes perilously close to not meeting the minimum standards required by Rule 26(g). It is well settled that an attorney who makes such a boilerplate objection has the obligation to support it.[69] In addition, this Court's decisions make it very clear that an undue burden objection must be supported by an

---

[65]*Id.*

[66]253 F.R.D. 354 (D. Md. 2008).

[67]*Id.* at 358.

[68]*Id.*

[69]*See, e.g.*, *ICE Corp. v. Hamilton Sundstrand Inc.*, No. 05-4235-JAR-KGS, 2007 WL 1297120, at *1 (D. Kan. Apr. 30, 2007) (refusing to consider unsupported boilerplate objections and noting that "[a]s a general matter, the court looks with disfavor on conclusory or boilerplate objections."); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004) (party asserting objection "must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable.").

affidavit or other evidentiary proof, or at a very bare minimum, a detailed explanation, as to the nature and extent of the burden.[70]   Neither Defendant, however, made an attempt to support its undue burden objection.   Had Defendants made a reasonable inquiry and discovered facts establishing excessive expense or other undue burden in responding to this request, then they should have provided that information in their responses to Plaintiffs' Motions to Compel, if not in their responses to the request itself.   Counsel's failure to do so, however, leads the Court to question whether Defendants had any valid basis for asserting such an objection in the first place.

The Court's concerns are not limited to Defendants' unsupported objection.  The Court also questions the reasonableness of Plaintiffs' First Requests No. 12 and 13.  Those requests were overbroad and not narrowly tailored to obtain the documents that Plaintiff actually needed.  Had the parties earnestly conferred regarding those requests, Plaintiff would have likely been able to gain enough information to more narrowly tailor those requests.   The Court finds that these requests also come perilously close to violating Rule 26(g).

Because the Court has not previously warned counsel that Rule 26(g) will be more rigorously enforced, and because the Court finds that both sides' conduct falls just short of violating Rule 26(g), no sanctions will be imposed.  The Court, however, strongly encourages the parties, when conducting further discovery in this case, to pause and consider the reasonableness of all discovery requests, responses, or objections before serving them and to take all steps necessary to ensure that their discovery requests and responses comply with Rule 26(g) standards.   The Court will not hesitate to impose Rule 26(g) sanctions if it finds violations of the Rule.   This Court's concerns about discovery abuse lead it to conclude that more aggressive judicial control and supervision are

---

[70]*See* discussion, *supra*, Part II.B.2.b & n.15.

warranted, not only to penalize those attorneys and parties whose conduct violates Rule 26(g) but also to deter those who may be tempted to engage in abusive discovery practices in the absence of such a deterrent.

The Court declines to award or apportion under Rule 37(a)(5)(C) any expenses or fees that any party has incurred in connection with this Motion to Compel. Under the particular circumstances of this case, the Court finds it just and equitable that each party bear its own expenses and fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery from Defendant Hartford Fire Insurance Company (doc. 23) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery from Twin City Fire Insurance Company (doc. 25) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Hartford Fire Insurance Company and Twin City Fire Insurance Company shall produce all documents responsive to First Request No. 11 within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and attorney's fees incurred in connection with this Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of November 2009.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties