# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**COHEN-ESREY REAL ESTATE**
**SERVICES, INC.,**

                **Plaintiff,**                Civil Action

vs.                                            No. 08-2527-KHV-DJW

**TWIN CITY FIRE INSURANCE**
**COMPANY, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' Motions for Protective Order (doc. 52 & 53). For the reasons set forth below, the motions are denied.

**I.    Nature of the Matter Before the Court**

This is an action concerning the denial of insurance coverage filed against Hartford Fire Insurance Company ("Hartford Fire") and Twin City Fire Insurance Company ("Twin City"). Plaintiff asserts claims for breach of contract, vexatious refusal pay, and "money owed/reimbursement."

On September 11, 2009, Plaintiff served deposition notices to take the Rule 30(b)(6) depositions of Defendants. The notices indicated that the depositions would take place at the law offices of Plaintiffs' counsel in Kansas City, Missouri. The deposition notices request that each Defendant produce a corporate representative or representatives to testify regarding ten enumerated topics. Defendants served objections to the deposition notices on October 2, 2009, in which

Defendants objected to producing corporate representatives to testify regarding Topics No. 1, 5, 6, 7, and 10.

Defendants move pursuant to Rule 26(c) for protective orders seeking two forms of relief. First, Defendants seek an order prohibiting Plaintiff from asking deposition questions regarding Topics No. 1, 5, 6, 7 and 10. Second, Defendants seek an order changing the location of the depositions from Kansas City, Missouri to Hartford, Connecticut, where Defendants' principal places of business are located.

## II.     The Standard for Ruling on a Motion for Protective Order

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[1] The party seeking a protective order has the burden to show good cause for it.[2] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[4] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude

---

[1] Fed. R. Civ. P. 26(c)(1).

[2] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[3] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[4] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

to fashion protective orders."[5] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, i.e., that the requested order is necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or expense."[6]

This Court has ruled on several occasions that Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.[7] If a party or deponent believes that a Rule 30(b)(6) topic is irrelevant or overly broad, the party/deponent has the burden to provide "particular and specific facts" that show how providing testimony on that particular topic would be unduly burdensome, unduly expensive, embarrassing, oppressive, or annoying.[8] Consequently, merely asserting that a

---

[5]*Seattle Times*, 467 U.S. at 36.

[6]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[7]*See, e.g., P.S. v. Farm, Inc.*, No. 07-2210-JWL, 2009 WL 483236, at *3 (D. Kan., Feb. 24, 2009); *Miller v. Union Pac. R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *5 (D. Kan. Oct. 24, 2008); *ICE Corp.*, 2007 WL 1652056, at *3; *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[8]*P.S.*, 2009 WL 483236, at *3, 5.

Rule 30(b)(6) topic[9] is overly broad or irrelevant is not sufficient to warrant the entry of a Rule 26(c) protective order.

**III.    Discussion**

    **A.    Location of the Rule 30(b)(6) Depositions**

When making the determination of whether a protective order is proper, "[t]he trial court has great discretion in establishing the time and place of a deposition."[10] The Tenth Circuit has observed that it is "the normal procedure that the 'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.'"[11] Consequently, a presumption exists that a corporation's officers, directors, managing agents and other representatives should be deposed at the company's principal place of business.[12] This presumption applies to a Rule 30(b)(6) deposition

---

[9]Rule 30(b)(6) sets forth the procedure for deposing a corporation or other business organization such as Defendants, and provides in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .  The persons designated must testify about information known or reasonably available to the organization.

[10]*Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

[11]*Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2112 at 81 (1994)).

[12]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4334918, at *5 (D. Kan. Dec. 6, 2007); *Payne v. McKune*, No. 06-3010, 2007 WL 3036190, at *2 (D. Kan. Oct. 16, 2007).

4

of the corporate defendant.[13] The presumption is based on the fact that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum, while the defendant is not before the court by choice.[14]

This Court has held that "a deposition notice violative . . . of the general principle that a corporate officer be deposed at the principal corporate place of business of the defendant may pose an undue burden upon a corporate defendant and provide good cause for a protective order."[15] Given the presumption, it typically is not difficult for a party to establish good cause for issuance of a protective order to require the deposition to proceed at company headquarters. The party noticing the deposition, however, may overcome the presumption by showing that "factors of cost, convenience, and efficiency weigh in favor of a different location."[16]

Plaintiff has noticed the Rule 30(b)(6) depositions to take place in Kansas City, Missouri at its counsel's offices. Plaintiff has indicated that it is willing to split with Defendants the cost of the corporate representatives traveling to Kansas City. Defendants, however, contend that even with this cost sharing agreement, holding the depositions in Kansas City would be unduly burdensome and expensive because their representatives would be required to be out of the office and away from

---

[13]*Gulfstream Worldwide Realty, Inc. v. Philips Electronics N. Am. Corp.*, No. 06-1165 JB/DJS, 2007 WL 5704041, at *5 (D.N.M. Oct. 24, 2007); *see also ICE Corp.*, 2007 WL 4334918, at *5-6 (applying presumption to Rule 30(b)(6) deposition).

[14]*ICE Corp.*, 2007 WL 4334918, at *6; *Payne*, 2007 WL 3036190, at *2.

[15]*See Horsewood v. Kids "R" Us*, No. 97-2441-GTV-GLR, 1998 WL 526589, at *6 (D. Kan. Aug. 13, 1998),

[16]*ICE Corp. v. Hamilton Sundstrand*, No. 05-4135-JAR, 2007 WL 1500311, at *4 (D. Kan. May 21, 2007) (quoting *GFSI, Inc. v. J-Loong Trading, Ltd.*, No. 05-2302-KHV-DJW, 2006 WL 2403103, at *1 (D. Kan. Apr. 18, 2006)).

their normal job duties for a longer period of time than if the depositions were to take place in Hartford, Connecticut.

Under the particular circumstances of this case, the Court finds that Plaintiff has overcome the presumption by showing that factors of cost, convenience and efficiency weigh in favor of holding the deposition in Kansas City, Missouri. All of the parties' attorneys work in Kansas City. Twin City's corporate representative resides in the state of New York, while Hartford Fire's representative resides in Connecticut. Costs will be incurred regardless of whether Defendants' corporate representatives travel from New York and Connecticut to Kansas City or whether attorneys for Plaintiff and Defendants travel from Kansas City to Connecticut. If the attorneys for Plaintiff and Defendants are required to travel from Kansas City to Connecticut, however, both Plaintiff and Defendants will incur additional expenses in the form of costly attorney fees for the travel time. Obviously, those attorney's fees would not be incurred if the corporate representative witnesses travel to Kansas City.

Taking into consideration Plaintiff's offer to split the costs of bringing the corporate representatives to Kansas City, the Court finds that the factors of cost, convenience, and efficiency weigh in favor of the depositions being taken in Kansas City. The Court therefore holds that Plaintiff has met its burden to overcome the presumption that the depositions should take place at Defendants' principle places of business. The Motions for Protective Order are therefore denied to the extent Defendants request that the Court order the depositions to be taken in Hartford, Connecticut. The Rule 30(b)(6) depositions may therefore proceed in Kansas City, Missouri, subject, of course, to Plaintiff abiding by its offer to split with each Defendant the cost of bringing the corporate representatives to Kansas City.

### B. The Deposition Topics

Defendants also move for a protective order prohibiting Plaintiff from deposing the corporate representatives regarding Topics No. 1, 5, 6, 7, and 10. In their reply briefs, Defendants indicate that the parties have resolved their dispute as to Topic No. 10. The Court therefore finds the motions moot with respect to Topic No. 10.

Defendants assert in their opening brief that Topics No. 1, 5, 6, and 7 are "beyond the scope of discovery" because these topics pertain to information that is not relevant.[17] In addition, they argue that Topic No. 7 is overly broad. They then assert in conclusory fashion that "allowing testimony on the topics would . . . result in annoyance and undue burden and expense" to Defendants.[18] In their reply briefs, Defendants further explain that requiring their corporate representatives to testify regarding irrelevant and /or overly broad topics would result in annoyance and undue burden and expense because Defendants would be required to prepare their representatives to be familiar with these topics, despite the fact that the subject matter is irrelevant and/or overly broad. In addition, the corporate representatives would have to spend extra time in their depositions to be questioned regarding these topics, which means more time away from their regular job duties.

The Court is not persuaded by Defendants' arguments. At best, Defendants make conclusory statements about the claimed undue burden, expense, and annoyance, and fail to provide "particular and specific" facts which demonstrate that producing corporate representatives to testify regarding

---

[17] Hartford Fire's Mot. for Protective Order and Mem. in Support (doc. 52) at 3; Twin City's Mot. for Protective Order and Mem. in Support (doc. 53) at 3.

[18] Hartford Fire's Mot. for Protective Order and Mem. in Support (doc. 52) at 4; Twin City's Mot. for Protective Order and Mem. in Support (doc. 53) at 4.

7

these specific topics would be annoying or unduly burdensome or expensive. It is not enough for Defendants to merely assert that the topics are irrelevant or overly broad. In short, the Court holds that Defendants have failed to meet their burden to show good cause for the entry of a protective order. The Court therefore denies Defendants' Motions for Protective Order as they pertain to the Rule 30(b)(6) deposition topics.

Although the Court declines to enter the requested protective orders, the parties are reminded that Rule 30(d)(3)(A) allows a deponent or party to move to terminate or limit a deposition on grounds "that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."[19] The Rule allows the objecting deponent or party to suspend the deposition for the time necessary to file its motion and obtain an order terminating or limiting the deposition.[20] Thus, Defendants' failure to carry their burden of persuading the Court that a protective order is warranted does not preclude Defendants from objecting to particular questions posed at the depositions nor does it preclude them from filing a Rule 30(d)(3)(A) motion to terminate or limit the depositions, provided, of course, that the standards set out in Rule 30(d)(3)(A) are met.

## IV. Conclusion

In light of the foregoing, the Court denies Defendants' Motions for Protective Order. The Rule 30(b)(6) depositions may proceed in Kansas City, Missouri, and Plaintiff may depose the representatives regarding the topics identified in the deposition notices. The depositions shall take place at dates and times mutually agreeable to the parties.

---

[19] Fed. R. Civ. P. 33(d)(3)(A).

[20] *Id.*

**IT IS THEREFORE ORDERED** that Defendants' Motions for Protective Order (doc. 52 & 53) are denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of December 2009.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties