IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| COHEN-ESREY REAL ESTATE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 2:08-cv-2527-KHV |
| TWIN CITY FIRE INSURANCE COMPANY AND HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT TWIN CITY FIRE INSURANCE COMPANY'S
REPLY IN SUPPORT OF ITS BILL OF COSTS**

COMES NOW defendant Twin City Fire Insurance Company ("Twin City") and for its Reply in Support of Twin City's Bill of Costs, state as follows:

**I.     Legal Standards Governing a Bill of Costs**

The allowance or disallowance of costs is within the sound discretion of the district court. *Zeran v. Diamond Broad, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). The court's discretion is constrained by the fact that Rule 54 creates a presumption that the court will award costs to the prevailing party. *Id.* In circumstances where the court exercises its discretion and denies costs to a prevailing party, the court must state a valid reason for doing so. *Id.* A court may deny costs when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult. *Id.* A denial of costs is a severe penalty, and therefore there must be some apparent reason to penalize the party if costs are to be denied. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526-27 (10th Cir. 1997).

{00413895.DOC;1}

II.     **Twin City's Reply to Plaintiff's Objections**

A.     **Twin City's Costs Relating to Mr. Greenwald's Videotaped Deposition**

Plaintiff's objection to the costs associated with the videotaped deposition of Mr. Greenwald's is without merit [Doc. 159 at p. 5]. 28 U.S.C. § 1920(2) authorizes the taxation as costs of the fees of the court reporter for any and all part of the stenographic transcript necessarily obtained for use in the case. *Manildra Milling Corp. v. Ogilvie Mills*, 878 F.Supp. 1417, 1426 (D. Kan. 1995). The standard for determining whether deposition expenses are taxable is whether the depositions were necessarily obtained for use in the case. *Id.* at 1427. The court must determine whether the depositions reasonably seemed necessary at the time they were taken. *Id.* Although use at trial is direct evidence of necessity, an item still may be reasonably necessary for use in the case even if unused at trial. *Id.* (internal citations omitted).

Further, the costs associated with videotaping depositions are taxable under 28 U.S.C. § 1920(2). *Tilton v. Capital Cities*, 115 F.3d 1471, 1477 (10th Cir. 1997). Specifically, 28 U.S.C. § 1920(2) provides for taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Most courts agree that a district court may tax the cost of a videotaped deposition under § 1920(2). *See Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) ("We hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the costs of conducting the deposition in the manner noticed.") *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) ("[A] district court may tax under Rule 54(d) the costs associated with the videotaping of a deposition."); *Commercial Credit Equip.*

{00413895.DOC;1}

*Corp. v. Stamps*, 920 F.2d 1361, 1368 (7th Cir. 1990) ("A videotaped deposition qualifies as 'other than stenographic means,' and as such is taxable as a substitute for a stenographic transcript, even though it is more expensive."); *Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 180 (D. Kan. 1996) ("This Court has held that deposition videotaping expenses are recoverable as costs."); *Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993) (noting that "numerous courts have held that costs associated with video depositions are…recoverable").

In this case, the deposition of Kenneth Greenwald was necessarily obtained because at the time the deposition was taken, Mr. Greenwald was a potential trial witness whose deposition was necessary to the presentation of defendant Twin City's case. Plaintiff objects to the cost of the DVD from Mr. Greenwald's deposition because plaintiff asserts that the DVD "was of Twin City's own witness" who chose not to appear at trial, and plaintiff should not be charged for Twin City's convenience [Doc. 159 at p. 5]. Plaintiff's claim in this regard is without merit. First, it should be noted that plaintiff noticed the videotaped deposition of Kenneth Greenwald [Doc. 76]. Second, Mr. Greenwald did not appear at trial because before the June 7, 2010 trial of this matter, Twin City was granted summary judgment [Doc. 109]. Accordingly, this Court should order costs relating to Mr. Greenwald's videotaped deposition in the amount of $95.40 to be assessed against plaintiff.

B.     **Twin City's Costs Relating to Mr. Marlin and Mr. Greenwald's Travel Expenses**

28 U.S.C. § 1920(3) provides for taxation of "fees and disbursements for . . . witnesses." U.S.C. § 1920(3). Plaintiff objects to the travel costs of Mr. Marlin and Mr. Greenwald because those costs arose pursuant to a discovery order [Doc. 159, pages 3-5]. Twin City does not dispute that the costs relating to the travel costs of Mr. Marlin and Mr. Greenwald in the amount

of $1,206.36[1] arose out of a discovery dispute, however, Twin City maintains that this Court may use its discretion to tax the costs against plaintiff.

Additionally, the case law cited by plaintiff is easily distinguishable. Neither case applies factually to the situation at hand. In *Battenfeld of American Holding Co., Inc. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613 (D. Kan. 2000), the court declined to assess costs because the prevailing parties were "ordered by the court during the discovery process to pay one-half of Dr. Krueger's expenses due to <u>scheduling conflicts</u>." *Id.* at 618 (emphasis added). In this case, the Court's Order requiring each party to pay half of the expenses had nothing to do with scheduling conflicts. The other case relied upon by plaintiff, *Phillips USA, Inc. v. Allflex USA, Inc.*, 1996 WL568814 (D. Kan. 1996), is also easily distinguishable because in that matter, the party attempting to recover costs had previously been ordered to bear those costs which related to the expenses of making copies of documents that the prevailing party had requested from the other party during discovery. *Phillips USA at *2.

Plaintiff also objects to travel expenses for Mr. Greenwald in the amount of $507.77 based upon the fact that Twin City previously submitted travel expenses in the amount of $300.17 for Mr. Greenwald, which was subsequently withdrawn without prejudice pending plaintiff's appeal. Plaintiff's objection in this regard is without merit. Twin City has provided documentation supporting Mr. Greenwald's travel expenses in the amount of $507.77, which is half of Mr. Greenwald's total travel expenses in the amount of $1,015.53 [Doc. 155]. It appears that the expenses reflected on the second page of Mr. Greenwald's travel expenses in the amount

---

[1] Twin City seeks only costs in the amount of $1,206.36 for the travel expenses of Mr. Marlin and Mr. Greenwald, which represents half of Mr. Marlin and Mr. Greenwald's combined travel expenses. The location of these depositions was taken up in the Court's Memorandum and Order of December 3, 2009. [Doc. 75] The Court ruled that the depositions should proceed in Kansas City, Missouri, subject to plaintiff abiding by its offer to split with defendants the costs of bringing those witnesses to Kansas City for their depositions. Since Mr. Marlin and Mr. Greenwald were both representatives of defendant Twin City, Twin City as the prevailing party, now seeks to recoup its share of half of the cost of those depositions.

{00413895.DOC;1}

4

$415.20 were not added to the calculation of Mr. Greenwald's travel expenses when they were originally submitted in Hartford Fire Insurance Company's Bill of Costs [See Doc. 151]. However, as pointed out by plaintiff, those expenses are not before the Court because Twin City withdrew the expenses it submitted relating to Twin City witnesses Timothy Marlin and Kenneth Marlin in Doc. 151 pending plaintiff's appeal [See Doc. 154 at p. 10]. Moreover, after the conclusion of plaintiff's appeal, Twin City timely filed its Bill of Costs and provided the supporting documentation for Mr. Greenwald's expenses in the amount of $507.77 when it filed its Bill of Costs on March 22, 2011 [Doc. 155].

### C.   Twin City has Requested Leave to File a Memorandum in Support of its Bill of Costs

Twin City filed simultaneously with this Reply, a Motion for Leave to File "Memorandum in Support of Twin City's Bill of Costs" which if granted, renders all of plaintiff's arguments in section A of plaintiff's *Memorandum in Opposition to Defendants' Bill of Costs* [Doc. 159] moot. It should further be noted, however, that although Twin City did not include a Memorandum in Support of its Bill of Costs when filed on March 22, 2011, plaintiff was not unduly prejudiced as the amount and documentation in support of Twin City's Bill of Costs was timely submitted. Further, although Twin City did not confer with plaintiff prior to filing its Bill of Costs, since receipt of plaintiff's Memorandum in Opposition to Defendants' Bill of Costs, counsel for Twin City has attempted to confer with counsel for plaintiff on several occasions. See the affidavit of Abbigale A. Gentle attached hereto as Exhibit 1.

Twin City submits that under the circumstances of this case, a conference between counsel was not likely to resolve the dispute regarding costs because the parties were already aware of each other's position regarding costs. It should be noted that the same issues regarding

costs arose when Twin City's co-defendant in this matter, Hartford Fire Insurance Company, filed its Bill of Costs. [Doc. 151]  Hartford Fire Insurance Company also submitted costs for the travel costs of its witnesses and for the costs associated with the videotaped depositions of those witnesses.  [Doc. 151]  Plaintiff objected to those costs submitted by Hartford Fire Insurance Company on the same basis it now objects to those costs that have been submitted on behalf of Twin City.  In short, based upon the parties' inability to work out the dispute concerning the same issues relating to the costs previously submitted by Hartford Fire Insurance Company, Twin City is doubtful a conference between counsel would have resolved this dispute.

Additionally, the case law relied upon by plaintiff is inapplicable to the facts of this matter, where Twin City timely filed its Bill of Costs.  In *Woods Const. Co. v. Atlas Chemical Industries, Inc.*, 337 F. 2d 888 (10th Cir. 1964), the Court found that the party did not comply with the time requirements of the rules of the District Court for the Northern District of Oklahoma, which required the party to file a verified bill of costs within ten days after entry of judgment. *See Woods* at 890.  In this matter, Twin City timely filed its Bill of Costs on March 22, 2011 [see Doc. 155].  Additionally, the party in *Woods* failed to include an affidavit attached as Bill of Costs. *Id.*  In this matter, Twin City timely submitted its Bill of Costs and additionally timely submitted an affidavit.

Plaintiff's reliance on *Thomas v. Ford Educ., Unified School Dist., No. 501, Topeka, KS*, is also misplaced. *Thomas* additionally involved a matter where the pleading was not timely filed. *Id.*  In *Thomas*, defense counsel miscalculated a deadline to file a motion for attorneys' fees, mistakenly relying upon the time limit to file a bill of costs as opposed to a motion for attorneys' fees. *Id.* at 488-489.  The Court declined to accept the argument that the circumstance

qualified as "excusable neglect" under Fed. R. Civ. P. 6(b)(2).   However, in this matter, Twin City did timely submit its Bill of Costs and documentation in support.

Although Twin City does not believe "excusable neglect" is the proper standard since its Bill of Costs was timely filed, if this Court determines excusable neglect is applicable, Twin City maintains excusable neglect is present in this situation.   The Supreme Court in *Pioneer Ind. Services Co. v. Brunswick Associates Ltd. Partnership* established a flexible balancing test for analyzing excusable neglect. *Pioneer Ind. Services Co.*, 507 U.S. 380, 123. L. Ed. 2d 74,  113 S. Ct. 1489 (1993).   "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388.   "'Excusable neglect' is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392.   When determining whether neglect is excusable, the Court should consider "all relevant circumstances surrounding the party's omission" including these four specific factors:  (1) the danger of prejudice to the other side; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay and whether it was in the control of the party; and (4) whether the movant acted in good faith.  *Id.* at 394-95.

In this case, all of the factors set forth above establish that Twin City's failure to file a Memorandum in Support of its Costs was excusable neglect.   There will be no prejudice to plaintiff since the proposed Memorandum in Support of Twin City's Bill of Costs does not change the amount of costs or documentation in support of Twin City's costs.   Twin City has promptly sought leave to file its Memorandum and was not aware of any issue with its Bill of Costs until receipt of plaintiff's Memorandum in Opposition.   Twin City's Memorandum will not

have any impact on the proceedings as this matter has been concluded and the case has been closed.   Finally, Twin City has acted in good faith and promptly sought leave to file its Memorandum in Support of Twin City's Bill of Costs after receipt of plaintiff's Memorandum in Opposition.   Evidence of Twin City's good faith additionally is set forth in Twin City's Motion for Leave to File Memorandum in Support of its Bill of Costs which is incorporated herein by reference.   As stated therein, although counsel for Twin City checked this Court's Local Rules while preparing its Bill of Costs, Local Rule 54.1 was amended on March 17, 2011, only five days before Twin City filed its Bill of Costs.   That amendment added the requirement of a memorandum in support of costs.   Counsel for Twin City was not aware of the amendment at the time she filed Twin City's Bill of Costs because the amendment which took effect on March 17, 2011, was not contained in the published hard copy of the 2011 Kansas Court Rules and Procedures, Volume 11- Federal.

Upon information and belief, the current 2011 version of D. Kan. Rule 54.1 exists only on this Court's website.   Counsel for Twin City does not know if the March 17, 2011 amendment to the rule requiring a memorandum was available on the Court's website as of March 3, 2011, the day counsel for Twin City began working on Twin City's Bill of Costs.   However, the Order of Adoption signed by the Honorable Kathryn H. Vratil and dated March 17, 2011, suggests the new rule was not available on this Court's website until March 17, 2011, the day the amendment to D. Kan. Rule 54.1 became effective.

Additionally, counsel for the undersigned uses Lexis Nexis.   As of the date of filing the instant Reply, Lexis Nexis still has the version of D. Kan. Rule 54.1 as it existed prior to the March 17, 2011 amendment requiring a memorandum in support of its costs.   See a copy D. Kan. Rule 54.1 printed from Lexis Nexis on April 19, 2011, attached as Exhibit A to Defendant Twin

{00413895.DOC;1}

City Fire Insurance Company's Motion for Leave to File "Memorandum in Support of Twin City's Bill of Costs" and Memorandum in Support. Based on these facts, if the Court determines excusable neglect is the proper standard, Twin City maintains excusable neglect is present in this situation.

**III.   Conclusion**

As noted above, the taxing of these costs is in the sound discretion of the Court. *Zeran v. Diamond Broad, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). The court's discretion is constrained by the fact that Rule 54 creates a presumption that the Court will award costs to the prevailing party. *Id.* Additionally, unusual and non-statutory costs may be granted where a sufficient showing of necessity is made. *Battenfeld of Am. Holding Co. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 616 (D. Kan. 2000) (citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 n. 29 (10th Cir. 1988).

Accordingly, defendant Twin City Fire Insurance Company requests that the Court tax costs in the amount of $1,429.86 as requested in its Bill of Costs.

Respectfully submitted,

**FOLAND, WICKENS, EISFELDER, ROPER & HOFER, P.C.**

*/s/ ABBIGALE A. GENTLE*

| | |
|---|---|
| W. JAMES FOLAND | KS Fed. #70116 |
| ABBIGALE A. GENTLE | #19183 |

911 Main Street, 30th Floor
Kansas City, Missouri 64105
(816) 472-7474
(816) 472-6262 Facsimile
jfoland@fwpclaw.com
agentle@fwpclaw.com

***ATTORNEYS FOR DEFENDANTS***

{00413895.DOC;1}

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2011, the foregoing was filed using the CM/ECF system, which will send notice of electronic filing to the following:

Leonard B. Rose      #15363
Amy Loth Allen      #20218
**LATHROP & GAGE, L.C.**
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
(816) 292-2000
(816) 292-2001 (FAX)
lrose@lathropgage.com
aallen@lathropgage.com
*ATTORNEYS FOR PLAINTIFF*

/s/ *ABBIGALE A. GENTLE*
Attorney for Defendants

{00413895.DOC;1}