## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| COHEN-ESREY REAL ESTATE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 08-2527-KHV |
| TWIN CITY FIRE INSURANCE COMPANY and HARTFORD FIRE INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

On June 9, 2010, after a two-day trial, a jury returned a verdict in favor of Hartford Fire Insurance Company on plaintiff's claim that Hartford breached a duty to pay plaintiff's insurance claim. The Court had previously granted summary judgment to co-defendant Twin City Fire Insurance Company, and plaintiff appealed that judgment to the Tenth Circuit Court of Appeals (No. 10-3159) on July 8, 2010. See Docs. #109, 147. On March 22, 2011, the Tenth Circuit affirmed. See Doc. #156. This matter is now before the Court on the Bill Of Costs (Doc. #151) whicch defendants filed on July 26, 2010, the Bill Of Costs (Doc. #155) which defendant Twin City filed on March 22, 2011, and Defendant Twin City Fire Insurance Company's Motion For Leave To File "Memorandum In Support Of Twin City's Bill Of Costs" And Memorandum In Support (Doc. #160) filed April 19, 2011.

Rule 54(d), Fed. R. Civ. P., authorizes taxation of costs and 28 U.S.C. § 1920 governs the subject of costs.[1]  As the prevailing parties, defendants have the burden to establish the amount of compensable costs and expenses to which they are entitled, and to prove that the expenses sought to be taxed fall within the categories of allowable costs. See Allison v. Bank One-Denver, 289 F.3d 1223, 1248-49 (10th Cir. 2002); Dutton v. Johnson Cnty. Bd. Of Cnty. Comm'rs, 884 F. Supp. 431, 436 (D. Kan. 1995).  Where the requested costs are authorized under Section 1920, a presumption arises that costs will be awarded.  See Treaster v. HealthSouth Corp., 505 F. Supp.2d 898, 901 (D. Kan. 2007); Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).  Once defendants have shown that particular costs are authorized by statute, plaintiff bears the burden to overcome the presumption that the costs should be taxed.  Rodriguez, 360 F.3d at 1190.  Finally, the Court has no discretion to award costs which are not specifically set forth in Section 1920.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, (1987); Sorbo v. United Parcel Serv., 432 F.3d 1169, 1179 (10th Cir. 2005).

---

[1]    Rule 54(d)(1), Fed. R. Civ. P., states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

28 U.S.C. § 1920 states in relevant part as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

I.      **Bill of Costs by Defendants dated July 26, 2010**

After trial, defendants filed a Bill of Costs in the amount of $9,419.55.  See Doc. #151.

Plaintiff objected to $7,995.25 of that amount.[2]  See Doc. #153.  Plaintiff did not object to

$40.00 in costs to serve one subpoena on Brenda Phillips, $629.75 in deposition transcript fees

for Brenda Phillips, $71.90 in witness fees for Brenda Phillips and $682.65 in travel costs for

Lana M. Glovach, for a total of $1,424.30.  Defendants then amended their request by $1,473.35

to $7,946.20.[3]  See Doc. #154.  The Court addresses the remaining disputed costs as follows.

A.   Service of Subpoena on Brenda Phillips

Defendants seek $120.00 in costs incurred serving three subpoenas on Brenda Phillips to

appear for her deposition.[4]  The Court may tax "[f]ees of the clerk and marshal." 28 U.S.C. §

1920(1).  Although defendants did not pay these fees to the marshal, service fees to private

process servers are generally taxable up to the amount that would have been incurred if the U.S.

Marshal's office had effected service.  See Burton v. R.J. Reynolds Tobacco Co., 395 F.Supp.2d

1065, 1078 (D. Kan. 2005).  Plaintiff argues that it should be taxed only $40.00 – the cost of

service of one subpoena by the U.S. Marshal – because defendants have not justified serving

Phillips three times.  Defendants respond that (1) Phillips asked three times to reschedule her

_____

[2]      The summary table in plaintiff's brief, which reflects a sum of $7,876.32 in
objections, contains mathematical errors.  Also, the text of plaintiff's brief indicates an objection
to $118.13 in costs for DVD copies of video transcripts, but plaintiff's summary table does not
reflect this objection.

[3]      In the amended request, defendants noted that they intended to re-submit the
withdrawn costs relating to certain Twin City witnesses if Twin City prevailed on appeal.

[4]      Defendants originally sought $373.11 in subpoena and service costs associated
with use of a special process server to serve Brenda Phillips on three separate occasions.  After
plaintiff objected, defendants amended their request to $120.00 which reflects the $40.00 rate
which the U.S. Marshal in the Southern District of Illinois charged and eliminates incidental
charges.

deposition because she was recovering from surgery and defendants felt obligated under Rule 45(c)(1), Fed. R. Civ. P., to accommodate her requests;[5] (2) they did not control the rescheduling; and (3) if Phillips had failed to appear for her deposition without defendants having subpoenaed her, plaintiff would have sought costs for preparing and appearing for her deposition.  The Court finds that under the circumstances, defendants were justified in serving Phillips three times and therefore taxes $120.00 in costs.

B.  <u>Fees for Deposition Transcripts</u>

Defendants seek $1,878.50 in fees for deposition transcripts.[6]  The Court may tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Absent extraordinary circumstances, the costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party.  <u>Callicrate v. Farmland Indus., Inc.</u>, 139 F.3d 1336, 1339 (10th Cir. 1998).  The depositions need not be "strictly essential to the court's resolution of the case."  <u>Id.</u> at 1340.  Necessity in this context means a showing that the materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier.  <u>Seyler v. Burlington N. Santa Fe Corp.</u>, No. 99-2342-KHV, 2006 WL 3772312, at *2 (D. Kan. Dec. 20, 2006) (citing <u>U.S. Indus., Inc. v. Touche Ross & Co.</u>, 854 F.2d 1223, 1245 (10th Cir.1988)).  Depositions which were

---

[5]     Rule 45(c)(1), Fed. R. Civ. P., states in relevant part as follows:  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to subpoena."

[6]     Defendants originally sought $2,109.98 in deposition transcript fees but in response to plaintiff's objections, withdrew $231.48 of costs associated with two Twin City witnesses:  deposition transcript fees of $128.10 for Timothy Marlin and $60.40 for Kenneth Greenwald, and videotape fees of $42.98 for Kenneth Greenwald.  Plaintiff's revised request for $1,888.50 after the $231.48 deduction contains a mathematical error and should be $1,878.50 ($2,109.98 - $231.48 = $1878.50).

purely investigatory in nature are not taxable, but deposition expenses may be taxed if the deposition reasonably appeared necessary at the time it was taken.  <u>Kansas Teachers Credit Union v. Mut. Guar. Corp.</u>, 982 F. Supp. 1445, 1447 (D. Kan. 1997).

1.  Use at trial

Though it concedes that courts grant costs for transcripts used in summary judgment motions, plaintiff objects that $735.00 for the deposition of Ryan Huffman should be disallowed because it was not used at trial.  <u>See</u> <u>e.g.</u>, <u>Burton</u>, 395 F. Supp.2d at 1080.  As defendants note, they both used Huffman's deposition to support their respective summary judgment motions. Further, though defendants designated portions of his deposition testimony to be read if he did not appear, Huffman was deposed as a potential trial witness who ended up appearing live.  The Court therefore overrules plaintiff's objection on this ground.

2.  Shipping, archiving, jurat preparation and exhibits

Plaintiff argues that it should not be taxed $40.00 for shipping, archiving and jurat preparation costs related to the depositions of Huffman ($20.00) and Phillips ($20.00).  Plaintiff also argues that it should not be taxed $30.00 for "related exhibits" for the deposition of Phillips. Defendants do not respond to plaintiff's argument on this point.  The Court sustains it and declines to tax $70.00 for shipping, archiving, and jurat preparation costs and exhibits relating to the depositions of Huffman and Phillips.  <u>See</u> <u>id.</u> (disallowing charges for minuscripts, keyword indices, ASCII disks, exhibits, and delivery charges) (collecting cases).

3.  Transcript copies

Plaintiff contends that it should be taxed only $479.00 or approximately half of the $959.50 fees charged for original transcripts and copies of the depositions of Huffman ($595.00) and Phillips ($364.50) because the copies were not necessarily obtained for use in the case.  See Birch v. Schnuck Markets, Inc., No. 95-2370-GLR, 1998 WL 13336, at *4 (D. Kan. Jan. 5, 1998) (declining to tax fees for both original and copy of deposition transcript).  Defendants' counsel responds by attaching correspondence from the court reporter.  The correspondence explains that the invoiced amount reflects the charge for the original transcript.  Missouri state law requires that with every original transcript, court reporters must supply a copy at no charge. The Court therefore overrules plaintiff's objection.

### 4.   Non-itemized deposition transcripts

Plaintiff objects to the costs for the depositions of Mike Kosednar and Adam Van Zandt because the invoices for those depositions are not itemized and the invoiced amounts likely contain nontaxable expenses.[7]  In response, defendants provide revised itemized invoices which break out the deposition expenses.  Of the $110.95 charged for the Van Zandt deposition, the Court taxes $101.50 (the amount of the transcript) and disallows $9.45 (the cost of exhibit copies).  Of the $95.40 charged for the Kosednar deposition, the Court taxes $73.50 (the amount of the transcript) and disallows $11.90 (the cost of exhibit copies) and $10.00 (the cost of shipping and handling).  See Burton, 395 F. Supp.2d at 1080.

### 5.   DVD copies of videotaped depositions

---

[7]     As noted, defendants withdrew their request for fees for the deposition transcripts of Timothy Marlin ($128.10) and Kenneth Greenwald ($60.40).

Plaintiff argues that it should not be taxed $75.15 in costs for the videotaped deposition of Adam Van Zandt because it was prepared for the convenience of defendants.[8]  As defendants note, however, the costs associated with videotaping a deposition are taxable under 28 U.S.C. § 1920(2).  Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997).  Defendants showed the videotaped deposition of Van Zandt at trial, and the Court finds that defendants necessarily obtained the videotaped deposition for use in the case.  See Nelson, 2007 WL 1651958, at *2 (taxing costs of videotaped deposition used at trial); Seyler, 2006 WL 3772312, at *3 (same).  After disallowing $5.15 in mailing/handling costs, the Court taxes $70.00 for the videotaped deposition of Adam Van Zandt.

### C.   Costs for Exemplification and Copies

Defendants seek $3,865.62 in exemplification and copy fees.  "Fees for exemplification and copies of papers necessarily obtained for use in the case" are taxable under Section 1920(4).  See, e.g., Treaster, 505 F. Supp.2d at 904-905.  Copies are "necessarily obtained" within the meaning of Section 1920(4) when procurement was reasonably necessary to the prevailing party's preparation of the case.  Id.  Materials are not "necessarily obtained" when they merely add to the convenience of the parties.  Callicrate, 139 F.3d at 1340.  The party seeking copy costs bears the burden to establish that copy costs satisfy this standard.  Id.

#### 1.   Internal copy costs

Plaintiff objects to all of defendants' $1,875.80 internal copy costs because they do not provide an itemized accounting.  While defendants need not furnish a description of copy costs so detailed as to make it impossible to economically recover them, absent an itemized statement

---

[8]     As noted, defendants withdrew their request for the DVD transcription costs for the deposition of Kenneth Greenwald in the amount of $42.98.

of copying costs, the Court has discretion to reduce counsel's stated costs based on its own experience and knowledge of the case.  Seyler, 2006 WL 3772312 at *5 (collecting cases).  In response, defendants attach several pages of what appear to be redacted billing statements which contain various entries for copies made at a 10¢ rate per copy.  The entries are dated and some include generic descriptors such as "deposition" and "documents."  In their response brief, defendants' counsel indicates that the copies include 787 pages of Rule 26 disclosures and responses to document production requests which they produced to plaintiff, copies used to prepare witnesses for trial and during depositions and working copies of Rule 26 disclosures and discovery documents.

As a general rule, prevailing parties are not entitled to recover costs incurred in responding to discovery because the producing party possesses the original documents and such papers are not "obtained" for purposes of § 1920(4).  Owens v. Sprint/United Mgmt., No. 03-2371-JWL, 2005 WL 147419, at *4 (D. Kan. Jan. 21, 2005).  Given defendants' description of the copied documents as well as the Court's knowledge of the extent of discovery, the number of pages filed by defendants, the pretrial order, motions to dismiss, motions for summary judgment and other filings, the Court finds that roughly 75 per cent of counsel's internal copying costs constituted disallowed discovery production costs or were for counsel's convenience and not reasonably necessary to present the case.  Accordingly, the Court awards $468.95 for internal copy costs.

### 2.  Outside copy costs

Plaintiff similarly objects to all of defendants' $1,989.82 external copy costs as prepared for counsel's convenience and unnecessary.  Plaintiff specifically objects to $242.38 in costs for oversized trial exhibits and trial boards as disallowed under Section 1920(4).  Battenfield of Am.

Holding Co. v. Baird, Kurtz & Dobson, 196 F.R.D. 613, 616-17 (D. Kan. 2000).  Defendants respond as follows: (1) an invoice for $369.20 represents the cost incurred to print documents which plaintiff produced electronically in response to defendants' document requests; (2) an invoice for $853.40 represents expenses incurred to scan documents plaintiff made available for defendants to inspect at plaintiff's office; (3) the invoice for $524.84 represents costs for copies of defendants' trial exhibits and (4) the $242.38 oversize trial exhibits (invoiced separately at $96.96 and $145.53) are authorized exemplifications under Section 1920(4).

Regarding the $369.20 in printing expenses, defendants do not adequately explain why it was necessary for them to print hard copies of all 4,284 documents produced electronically by plaintiff.  Thus, the Court finds that roughly 50 per cent of these printing expenses were incurred for counsel's convenience and were not reasonably necessary to present the case.  Accordingly the Court awards $184.60 in printing expenses.

Regarding the $853.40 in scanning expenses, defendants do not adequately explain whether or how these 4,660 pages were reasonably necessary to their case.  Absent more information, the Court cannot find that these expenses were incurred for anything more than the convenience of counsel, to enable counsel to review documents at a location of their choosing rather than at plaintiff's office.  See, e.g. Odessa Ford, LLC v. T.E.N. Investments, Inc., No. 07-2161-KHV, 2009 WL 1631850, at *5 (D. Kan. June 10, 2009).  Accordingly, the Court disallows the entire $853.40 scanning expense.

Regarding the $524.84 in copy costs for trial exhibits and copies, defendants do not provide any information (such as the number of pages in each exhibit set) from which the Court can conclude that $524.84 is the appropriate amount to assess plaintiff for the copies.  See Owens, 2005 WL 147419 at *4.  Defendants state that they prepared copies of trial exhibits,

which were used at trial, as well as copies for plaintiff and for the Court.  It appears from the invoice that the vendor prepared 8 sets of copies of 406 documents, and the Court is satisfied that these copies were necessarily obtained for use in the case.  Thus, it will tax the cost of plaintiff's trial exhibits in the amount of $524.84.

Regarding the $242.38 for oversized trial exhibits and trial boards, the case defendants cite directly contradicts their position.  See Manildra Mill. Corp. v. Ogilvie Mills, Inc., 875 F. Supp. 1417, 1418 (D. Kan. 1995) (exemplification costs for demonstrative exhibits such as enlargements and transparencies disallowed as unnecessary and because litigants did not obtain prior authorization to incur expense); see also Treaster, 505 F. Supp. 2d at 905 (disallowing costs for blowing up and mounting exhibits where courtroom equipped with Elmo system). Defendants did not obtain prior authorization to incur expenses for enlarged trial exhibits, and do not explain why such enlargements were necessary to their case.  Thus, the Court disallows the $242.38 in costs for oversized trial exhibits and trial boards.

D.  Other Costs

Defendants also seek to tax $2,000.18 in various "other costs," to which plaintiff objects.[9]

1.  Mediation fee

Defendants seek $468.75 in mediation fees.  Plaintiff correctly objects that mediation fees are not taxable under 28 U.S.C. § 1920.  See Bell v. Turner Recreation Comm'n, No. 09-2097-JWL, 2010 WL 126189, at *9 (D. Kan. 2010) (mediation fees and costs not covered by Section 1920) (collecting cases); see also Seyler, 2006 WL 3772312, at *2 (plaintiff concedes mediation fees not taxable); Aerotech Resources, Inc. v. Dodson Aviation, Inc., 237 F.R.D. 659, 666 (D.

---

[9]     Defendants originally sought $2,998.94 in "other costs," but in response to plaintiff's objections, withdrew $998.76 in travel fees for Twin City witnesses: $698.59 for Timothy Marlin and $300.17 for Kenneth Greenwald.

Kan. 2005 (same); <u>State of Kan. ex rel. Stephan v. Deffenbaugh Indus., Inc.</u>, 154 F.R.D. 269, 270 (D. Kan. 1994) (mediator not expert and costs not taxable as such under § 1920(6); <u>but see</u> <u>Univ. of Kan. v. Sinks</u>, No. 06-2341-JAR, 2009 WL 3191707, at *16 (D. Kan. Sept. 28, 2009). Further, the Court lacks discretion to tax costs which are not specifically set forth in Section 1920. <u>Crawford Fitting Co</u>, 482 U.S. at 441-42; <u>Sorbo</u>, 432 F.3d at 1179. The Court thus declines to tax defendants' portion of the mediator's fees.

2.   Deposition travel costs

Defendants seek $1,531.43 in deposition travel costs for Adam Van Zandt ($370.93) and trial travel costs for Lana Glovach ($1,160.50).[10] With regard to Van Zandt, plaintiff objects to the full amount because defendants' share of this cost arose pursuant to a discovery order and is thus not taxable. <u>See</u> <u>Battenfield</u>, 196 F.R.D. at 618-19, <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, No. 94-2012-JWL, 1996 WL 568814, at * (D. Kan. Sept. 4, 1996). Plaintiff's obligation to pay half of the deposition expenses arises from the discovery order, and is separate and distinct from its obligation to pay costs under Rule 54 and Section 1920. <u>Id.</u> The Court therefore declines to tax the deposition travel costs for Adam Van Zandt.

With regard to Glovach, plaintiff objects to a portion of Glovach's travel expenses.[11] Under Section 1920(3), a prevailing party may recover expenses associated with witness travel to and from trial, including a subsistence allowance if the witness must stay overnight. <u>Sheldon v.</u>

---

[10]   As noted, defendants withdrew their request for deposition travel costs for Timothy Marlin ($698.59) and Kenneth Greenwald ($300.17).

[11]   Plaintiff does not object to $25.46 in airport parking fees, which the Court awards.

Vermonty, 107 Fed. Appx. 828, 836 (10th Cir. 2004); see 28 U.S.C. § 1821(a), (c)(1), (d)(1).[12]

Plaintiff first objects that it should only pay for a portion of Glovach's $646.80 roundtrip airline ticket from Hartford, Connecticut to Kansas City, Missouri because the flight, which departed June 6, 2010 and returned June 8, 2010, could have been booked at a lower fare.  In support of this argument, plaintiff attaches what appears to be an example of a fare search between Hartford, CT and Kansas City, MO departing August 25, 2010 and returning August 30, 2010 at a rate of $277.00.  Plaintiff's argument is misplaced.  Section 1821(c)(1) requires a witness who appears at trial to travel using a common carrier at the most economical rate reasonably available.  Id.  The fare provided by plaintiff's counsel – for a flight of a different duration more than two months after Glovach's actual travel – has no relationship to the "most economical rate reasonably available" for travel from Hartford to Kansas City between June 6 and June 8, 2010.  Without more evidence of the rates which were available on Glovach's travel dates, the Court overrules plaintiff's objection and taxes the full $646.80 cost of her airfare.

Plaintiff also objects that plaintiff's subsistence charges exceed the maximum per diem allowance for the Kansas City area and argues that it should not be taxed the overage.  Under 28 U.S.C. 1821(d), the subsistence allowance for a witness should not exceed the maximum per diem allowance prescribed for official travel by federal employees.  The applicable government subsistence per diem at the time of trial was $107.00 plus tax for lodging and $61.00 for meals and incidentals.  Glovach's hotel expense report indicates charges of $322.26 for two nights lodging.  The room rate is listed at $139.00 – $32.00 more than the allowable per diem.  The Court in its discretion disallows $64.00 and awards $258.26 in lodging expenses.

---

[12]     The taxation of witness travel expenses beyond the 100-mile limit imposed by Rule 45(e) is a matter within the Court's discretion.  Owens, 2005 WL 147419, at *2 n. 1.

Glovach's meal expenses are as follows:  $59.74 on June 6, 2010; $69.36 on June 7, 2010, and $36.88 on June 8, 2010.  Plaintiff exceeded the per diem rate by $8.36 on June 7.  The Court therefore disallows that amount and awards $157.62 for meal expenses.

E.  Summary of Costs Awarded

| Category | Original Request | Withdrawn/Disallowed | Amount Awarded |
|---|---|---|---|
| Summons & Subpoena | $373.11 | $253.11 | $120.00 |
| Transcripts | $2,109.98 | $337.98 | $1,772.00 |
| Witnesses | $71.90 | $0.00 | $71.90 |
| Exemplification | $3,865.62 | $2,687.23 | $1,178.39 |
| Other Costs | $2,998.94 | $1,910.80 | $1,088.14 |
| Total | $9,419.55 | $5,189.12 | **$4,230.43** |

## II.        Bill of Costs by Twin City dated March 22, 2011

On March 22, 2011, Twin City filed a second Bill of Costs in the amount of $1,429.86. See Doc. #155.  Plaintiff objected, arguing that all costs should be disallowed because Twin City did not file a memorandum in support of its costs as required by D. Kan. Rule 54.1(a)(2) and did not make a reasonable effort to confer with plaintiff as required by D. Kan. Rule 54.1(a)(2)(D). In the alternative, plaintiff argued that $1,251.36 of the requested costs should be disallowed. Twin City then asked the Court for leave to file its memorandum out of time.  See Doc. #60.

In its motion, Twin City notes that on March 17, 2011 – five days before it filed its Bill of Costs – D. Kan. 54.1(a)(2)(D) was amended to require a memorandum in support of a Bill of Costs.  At the time Twin City filed its motion, Lexis Nexis (the online research service which Twin City counsel used) did not reflect the rule change.  Twin City argues defendants will not be

unduly prejudiced if Twin City is granted leave to file a memorandum in support, which it attaches to its motion.

Plaintiff professes that ordinarily it would not oppose a motion for leave, but that Twin City's justifications for seeking leave warrant opposition.  Plaintiff then scolds Twin City for not checking all legal research sources before filing its Bill of Costs and suggests that Twin City counsel lies to the Court when she represents that she primarily uses Lexis to conduct legal research.  It also argues prejudice, i.e. that it incurred unnecessary expenses responding to the Bill of Costs because it lacked the memorandum in support.  Plaintiff's arguments are unprofessional and without merit.  The Court sustains Defendant Twin City Fire Insurance Company's Motion For Leave To File "Memorandum In Support Of Twin City's Bill Of Costs" And Memorandum In Support (Doc. #160) filed April 19, 2011, and proceeds to analyze the Bill of Costs filed March 22, 2011.[13]

A.  Travel Costs

Twin City seeks $1,206.36 in deposition travel costs for Timothy Marlin ($698.59) and Kenneth Greenwald ($507.77).  Plaintiff correctly objects, arguing that these deposition costs arose pursuant to a discovery order (Doc. #75).  See Battenfield, 196 F.R.D. at 618-619.  Again, plaintiff's obligation to pay half of the deposition expenses is governed by a discovery order and is separate and distinct from its obligation to pay costs under Rule 54 and Section 1920.  Thus,

---

[13]     Plaintiff also complains that counsel for Twin City did not make any effort to confer with plaintiff's counsel to resolve disputes, as required by the amended rule.  As noted, at the time Twin City filed its Bill of Costs, it was not aware of additional requirements under the rule and given that it filed its Bill of Costs only five days after the amendment went into effect, the Court finds nothing more than excusable neglect.  Moreover, in the memorandum which the Court has granted Twin City leave to file, counsel notes that on April 14 and 18, 2011, she called and emailed plaintiff's counsel to confer about costs, and was advised by plaintiff's counsel that it was "too late" since plaintiff's objections to the Bill of Costs had already been filed.

while noting plaintiff's continuing obligation to abide by the Court's prior order, the Court sustains plaintiff's objection.

B. <u>Shipping and Handling Costs</u>

Twin City seeks $223.50 in fees for deposition transcripts of Timothy Marlin ($128.10) and Kenneth Greenwald ($60.40) and DVD copies of Kenneth Greenwald's deposition ($35.00). Plaintiff objects to the $10.00 shipping and handling charge for Greenwald's deposition. As noted above, shipping and handling charges are disallowed. <u>Burton</u>, 395 F. Supp.2d at 1080. The Court therefore sustains this objection and declines to tax the $10.00 shipping and handling charge.

Plaintiff objects to the $35.00 charge for the DVD of Greenwald's deposition. As the Court noted above, however, costs associated with videotaping a deposition are taxable under 28 U.S.C. § 1920(2). <u>Tilton</u>, 115 F.3d at 1477. Greenwald was a potential trial witness for Twin City who was not called because Twin City prevailed on summary judgment. The Court therefore overrules plaintiff's objection and taxes $35.00.

C. <u>Summary of Costs Awarded</u>

| <u>Category</u> | <u>Original Request</u> | <u>Withdrawn/Disallowed</u> | <u>Amount Awarded</u> |
|---|---|---|---|
| Transcripts | $223.50 | $10.00 | $213.50 |
| Other Costs | <u>$1,206.36</u> | <u>$1,206.36</u> | <u>$0</u> |
| Total | $1,429.86 | $1,216.36 | **$213.50** |

**IT IS THEREFORE ORDERED THAT** <u>Defendant Twin City Fire Insurance Company's Motion For Leave To File "Memorandum In Support Of Twin City's Bill Of Costs" And Memorandum In Support</u> (Doc. #160) filed April 19, 2011 be and hereby is sustained. With

respect to the <u>Bill of Costs</u> (Doc. #151) filed July 26, 2010 and the <u>Bill of Costs</u> (Doc. #155)

filed March 22, 2011, the Clerk is hereby directed to tax costs as follows:

<u>Bill of Costs (Doc. #151) filed July 26, 2010:</u>

| | |
|---|---|
| Summons & Subpoena | $120.00 |
| Transcripts | $1,772.00 |
| Witnesses | $71.90 |
| Exemplification | $1,178.39 |
| Other Costs | <u>$1,088.14</u> |
| Total | **$4,230.43** |

AND

<u>Bill of Costs (Doc. #155) filed March 22, 2011:</u>

| | |
|---|---|
| Transcripts | <u>$213.50</u> |
| Total | **$213.50** |

Dated this 12th day of August, 2011, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge